IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOE LENZIE TURNER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. CIV-21-463-R |
| | ) |
| RICHARD GRANT, | ) |
| | ) |
| Respondent. | ) |

**REPORT AND RECOMMENDATION**

Petitioner Joe Lenzie Turner, a federal prisoner, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). Mr. Grant has filed his Response to Petition for Writ of Habeas Corpus and Mr. Turner has filed a Reply. (ECF Nos. 11 & 12). For the reasons set forth below, it is recommended that the Court: (1) alternatively characterize the Petition as seeking mandamus relief and/or habeas relief; (2) deny mandamus relief; and (3) dismiss the Grounds for habeas relief.

**I.   PROCEDURAL BACKGROUND**

On May 26, 2005, Missouri state officials arrested Petitioner on narcotics charges. (ECF Nos. 11:4; 11-1:2, 6; 12:3). On June 15, 2005, Missouri officials released Petitioner on bond. (ECF No. 11:4; 11-1:2, 6; 12:3). On July 12, 2005, federal authorities arrested Petitioner on narcotics charges in Case No. 2005-CR-00095 (E.D. Mo.). *See* docket sheet, *United States v. Turner*, Case No. 2005-CR-00095 (E.D. Mo.) (*Turner I*).[1] On November 22, 2005, Petitioner was sentenced in *Turner I* to a term of

---

[1] In the Response and Reply, both parties state the arrest date as July 11, 2005. *See* ECF Nos. 11:4; 11-1:2, 7; 12:3 But a notation in the case file states that the arrest actually occurred July 12, 2005.

63-months incarceration. *See* ECF No. 29, *United States v. Turner*, Case No. 2005-CR-00095 (E.D. Mo. Nov. 22, 2005); ECF No. 11:4; 11-1:16-22; 12:3. On December 20, 2005, Petitioner was released on bond, in error, to Scott County, Missouri officials. (ECF Nos. 11:4; 11-1:2, 6, 12:3; 12-4:1). On June 8, 2006, Petitioner was sentenced in Missouri state court, on two narcotics charges, to two 5-year terms to be served concurrently with his federal sentence. (ECF Nos. 1-5:1; 11:5; 11-2:1; 12:4; 12-5). On February 20, 2007, Petitioner was paroled to the United States Marshal Service per a detainer and was thereafter taken into federal custody. (ECF No. 11:5; 11-1:6, 9; 12:6).

In a letter dated August 4, 2007, Petitioner made an inquiry with the sentencing court in *Turner I* regarding his federal sentence. ECF No. 31-2, *United States v. Turner*, Case No. 2005-CR-00095 (E.D. Mo. Aug. 10, 2007) (Petitioner's Letter). In the letter, Petitioner explained that upon his arrival to FCI-Memphis, he was informed that his federal sentence was running consecutive to his state sentence, despite having been told that the sentences would be served concurrently. *Id.* Following Petitioner's inquiry, on September 6, 2007, the Bureau of Prisons (BOP) recalculated Mr. Turner's computation summary to reflect that his 63-month federal sentence in *Turner I* began on November 22, 2005, the date it was imposed. (ECF Nos. 1-2:2; 11-1:12; 12-2:1).

On May 7, 2008, the Court reduced the sentence in *Turner I* to a period of 60 months incarceration and four years of supervised release. (ECF No. 11-1:24, 28, 29). In 2009, Petitioner was released from federal custody on *Turner I*. (ECF Nos. 11:5; 11-

1:2; 12:8).[2] On August 31, 2011, while on supervised release in *Turner I*, Petitioner was arrested by federal authorities on narcotics charges which had been filed in Case No. 2011-CR-00103 (E.D. Mo.). *See docket sheet, United States v. Turner*, Case No. 2011-CR-00103 (E.D. Mo.) (*Turner II);* ECF Nos. 11:6; 11-1:2, 31, 32; 12:8. On April 5, 2013, Petitioner pled guilty to the charges in *Turner II* and on June 17, 2013, he was sentenced to a 240-month term of incarceration in that case. (ECF Nos. 1:1; 11:6; 11-1:3, 41-47; 12:9). On the same day—June 17, 2013—Petitioner was sentenced to a 21-month term of incarceration for violation of his supervised release in *Turner I*. (ECF Nos. 11:6; 11-1:3, 37-39). In *Turner II*, the Court ordered the 240-month sentence to run concurrent with the 21-month term on the revocation in *Turner I*. (ECF Nos. 11:6; 11-1:42). BOP records show that both sentences commenced on June 17, 2013. *See* ECF No. 11-1:50.

## II.   RELEVANT LAW

Through caselaw applying 18 U.S.C. § 3621(b), the BOP has acquired the discretionary power to make a *nunc pro tunc*—i.e., retroactive—designation of a state facility as the official place of imprisonment for a prisoner who has served or is serving time in state custody, allowing the prisoner to gain credit against his federal sentence for the time he served there, effectively reducing the length of his federal sentence. *See generally Barden v. Keohane,* 921 F.2d 476 (3d Cir. 1990); Fed. Bureau of Prisons, U.S. Dep't of Justice, Program Statement 5160.05: Designation of State Institution for Service of Federal Sentence, § 9(b)(4); *but see United States v. Miller*, 594 F.3d 1240,

---

[2] Petitioner states he was released from federal prison on January 28, 2009. (ECF No. 12:8). Respondent states that the release date was July 27, 2009. (ECF No. 11:5; 11-1:2).

1242 (10th Cir. 2010) (stating the 10th Circuit has never adopted *Barden*, nor extended its reasoning to a situation where a prisoner was already serving a state sentence when federal sentence received, and federal sentence was expressly ordered to run consecutive to prior sentences).

A *nunc pro tunc* designation, like any other designation, is made in accordance with 18 U.S.C. § 3621(b). *See Heddings v. Garcia,* 491 F. App'x 896, 899-900 (10th Cir. 2012). Section 3621(b) requires the BOP to consider five factors before designating a prisoner's place of imprisonment:

> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence-
>
>> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>>
>> (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

### III.  PETITIONER'S ATTEMPT TO SEEK ADMINISTRATIVE RELIEF

As set forth in his August 4, 2007 letter to the sentencing court in *Turner I*, sometime after arriving in federal custody on February 20, 2007, Petitioner was told that his federal sentence which had been imposed on November 22, 2005, was being served consecutive to the state sentence from which he had just been paroled. *See*

Petitioner's Letter. Petitioner states that the sentencing court "forwarded Petitioner's request to the BOP." (ECF No. 1:12). Presumably, this letter served as the basis for the September 6, 2007 recalculation of Petitioner's sentence. Nearly 13 years later, Petitioner sought administrative relief with the BOP, asking the Records Department to amend Mr. Turner's record to reflect "the BOP['s] acknowledge[ment] that it applied a nunc pro tunc designation to [his] prior federal commitment." (ECF No. 1:2). Although the Court does not have copies of Mr. Turner's administrative grievances and/or appeals, Mr. Turner has submitted the final appeal response which stated:

> This is in response to your Central Office Administrative Remedy Appeal, wherein you allege the Bureau failed to compute a nunc pro tunc designation regarding your previous federal sentence in case number 1:05CR00095CAS. You request the Bureau to update your central file to reflect that your previous served sentence was executed to run concurrent.
>
> A review of your record revealed you were sentenced on your previously served federal sentence on November 22, 2005, by the United States District Court for the Eastern District of Missouri, case number 1:05CR00095CAS. You were sentenced to a 63-month term of imprisonment (later reduced to 60-month) for Distribution of 5 Grams or More of Cocaine Base. The sentencing court was silent regarding how your federal sentence was to run against any other sentence.
>
> According to Bureau records you were in primary federal custody. Therefore, the Bureau computed your previous sentence regarding case number 1:05CR00095CAS, to commence of November 22, 2005, the date it was imposed. In accordance with Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), and 18, U.S.C. § 3585(a), "Commencement (Beginning Date) of Sentence state[s], "in no case can a federal sentence of imprisonment commence earlier that the date of which is was imposed".
>
> As a result, your sentence was not reviewed for a nunc pro tunc designation pursuant to Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence. Since the Bureau commenced your sentence on November 22, 2005, the date as ordered by the court.

5

> Your previous sentence was computed as directed by federal statute, and Bureau of Prisons Program Statement 5880.28, <u>Sentence Computation Manual (CCCA of 1984).</u>
>
> Accordingly, your appeal is denied.

(ECF No. 12-6).

### IV. THE PETITION

In the Petition, Mr. Turner alleges four Grounds for habeas relief. In Ground One, he alleges error in the BOP's failure to: (1) update his "computation summary" to reflect that his sentence had been re-calculated and (2) recommend to the sentencing court to amend the judgment in *Turner I* to reflect the "legal effect" of the recalculation—i.e.—that the federal sentence was served concurrently with the state sentence. (ECF Nos. 1:7-8, 13-16; 12:1, 11-12). In Ground Three, Petitioner contends that the errors in Ground One violated his right to Due Process. (ECF Nos. 1:7, 8, 16, 12:2, 14-15). In Grounds Two and Four, Petitioner alleges that the BOP erred in denying his application for a *nunc pro tunc* designation. (ECF Nos. 1:7, 8, 13-14; 12:1-2, 13-14, 17-18).

As relief, Mr. Turner "request[s] the Court to direct the BOP change its record to reflect its decision to allow Petitioner to serve a portion of his prior federal sentence concurrently with his prior state sentence and order the BOP to recommend to Petitioner's sentencing court to amend the prior judgment so that it reflects the BOP's decision." (ECF No. 1:8). Respondent argues that this request effectively seeks mandamus relief, but Mr. Turner contends otherwise, stating that jurisdiction is proper under 28 U.S.C. § 2241 because as a result of the BOP's failure to "update" its records

6

to reflect the *nunc pro tunc* designation and recommend to the sentencing court in *Turner I* to amend its judgment (Ground One), his criminal level for sentencing purposes in *Turner II* was "erroneously enhanced" with the effect being that he is currently serving a longer prison sentence in violation of Due Process. *See* ECF No. 1:7, 8, 16, 12:14-15. According to Petitioner, "[h]ad the BOP submitted its decision to the record and require[d] the sentencing court to amend the judgment, the present sentencing court [in *Turner II*] would have known that Petitioner had previously served his prior federal and state convictions concurrently [and] no due process violation would have occurred." (ECF No. 12:14-15). Under either theory—mandamus or habeas—the Court should conclude that Petitioner is not entitled to relief.

## V.     PETITION FOR WRIT OF MANDAMUS PURSUANT TO 28 U.S.C. § 1361

Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Here, Petitioner requests "mandamus-type" relief by asking the Court to "direct the BOP change its record to reflect its decision to allow Petitioner to serve a portion of his prior federal sentence concurrently with his prior state sentence and order the BOP to recommend to Petitioner's sentencing court to amend the prior judgment so that it reflects the BOP's decision." (ECF No. 1:8). To be eligible for this relief, a petitioner must establish: "(1) that he has a clear right to relief, (2) that the respondent's duty to perform the act in question is plainly defined and peremptory, and (3) that he has no other adequate remedy." *Rios v. Ziglar,* 398 F.3d 1201, 1206 (10th Cir. 2005).

Here, examination of the pleadings in *Turner I* and *Turner II* reflects that in those cases, Petitioner has sought relief identical to the relief he is requesting in the habeas Petition. In *Turner I*, on January 22, 2019, Petitioner filed a pleading, docketed as a "Motion to Amend/Correct Judgment," seeking amendment of the Judgment in that case to reflect the BOP's recalculation of his sentence in 2007, which, Petitioner contends affects his "current commitment" (in *Turner II). See Turner I*, ECF No. 81. In *Turner II*, on December 19, 2019, Petitioner filed a letter, also docketed by the Court as a "Motion to Amend/Correct Judgment," seeking similar relief. *See Turner II*, ECF No. 1466. Based on the pending motions in the sentencing court, the Court here should conclude that Petitioner has failed to establish that he "has no other adequate remedy" as required to obtain mandamus relief. Thus, characterizing the Petition as seeking a Writ of Mandamus, the Court should deny relief.

## VI.   PETITION FOR HABEAS RELIEF

As Grounds for Habeas Relief, Petitioner alleges:

- the BOP erred by failing to: (1) update Petitioner's "computation summary" to reflect that his sentence had been re-calculated and (2) recommend to the sentencing court to amend the judgment in *Turner I* to reflect the "legal effect" of the recalculation (Ground One);

- the errors in Ground One violated his right to Due Process (Ground Three);

- the BOP erred in failing to consider his August 4, 2007 letter as an application for *nunc pro tunc* designation (Ground Two); and

- the BOP erred in failing to process his request as an application for a *nunc pro tunc* designation. (Ground Four).

(ECF No. 1:7-8, 13-16; 12:1, 2, 11-18).

8

A.     **Grounds Two and Four**

The evidence clearly establishes that on September 6, 2007, Mr. Turner's 63-month federal sentence in *Turner I* was re-calculated to reflect that it had commenced on November 22, 2005, the date it was imposed. *See supra*. As stated, presumably Petitioner's August 4, 2007 letter served as the basis for the recalculation. *See supra*. From the final appeal response in Mr. Turner's attempts at administrative relief, it is clear that the BOP did not consider Petitioner's request/inquiry as an application for *nunc pro tunc* designation. *See* ECF No. 12-6 ("[Y]our sentence was not reviewed for a nunc proc tunc designation."). Nonetheless, the recalculation had the practical effect of crediting Petitioner's sentence in *Turner I* for the time he was erroneously paroled to Missouri state officials on December 20, 2005 through the date he was paroled by Missouri Department of Corrections back to federal authorities on February 20, 2007. *See supra*.

Petitioner states that the BOP had "several avenues" to address his August 4, 2007 inquiry:

(1) through the date of commencement of his federal sentence;

(2) through a *nunc pro tunc* designation;

(3) through the award of prior custody credit; or

(4) by running his federal sentence concurrent with his Missouri state sentence.

(ECF No. 1:15). In Grounds Two and Four, Mr. Turner takes issue with the fact that the BOP chose not to: (1) consider his request as one seeking a *nunc pro tunc* designation regarding concurrent service of his sentence in *Turner I* with the state court sentence

9

(Ground Two) and, as a result, (2) thereafter evaluate the request utilizing the parameters outlined in BOP Program Statement 5160. (Ground Four).

Under 28 U.S.C. § 2241, the BOP's *nunc pro tunc* designation denial is reviewed for abuse of the agency's substantial discretion under 18 U.S.C. § 3621. *Arthur v. Moorehead*, 763 F. App'x 736, 739 (10th Cir. 2019). However, "[t]he federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook,* 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3) and citing 28 U.S.C. § 2254(a)). A habeas petitioner does not remain "'in custody' under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted." *Maleng*, 490 U.S. at 492. Grounds Two and Four challenge the execution of the sentence in *Turner I*. *See supra*. But the District Court lacks jurisdiction to entertain such Grounds because Mr. Turner is no longer in custody under that sentence. The 63-month sentence in *Turner I* (which was subsequently amended to 60 months) for which Petitioner sought *nunc pro tunc* designation expired in 2009. *See supra*. As a result, the Court should dismiss Grounds Two and Four for lack of jurisdiction.[3]

---

[3] Even though Petitioner challenges the fact that the BOP failed to consider his request as one seeking a *nunc pro tunc* designation and failed, thereafter, to process the request as the same, Mr. Turner concedes that in his case, "[h]e received the benefit provided to inmates who have received retroactive or nun pro tunc concurrent designations." (ECF No. 12:13).

B. **Grounds One and Three**

Grounds One and Three are based on the BOP's alleged failure to: (1) update Petitioner's "computation summary" to reflect that his sentence had been re-calculated on September 6, 2007 and (2) recommend to the sentencing court to amend the judgment in *Turner I* to reflect the "legal effect" of the recalculation—i.e.—that the federal sentence was served concurrently with the state sentence. (ECF Nos. 1:7-8, 13-16; 12:11-12). Petitioner argues that these errors "affect[] the length of his current sentence." (ECF No. 1:16). According to Mr. Turner:

> When, Petitioner was sentence[d] to his present federal commitment, He was sentenced on the basis of misinformation. This error can be fairly traceable to the BOP's failure to submit its decision to the record. Had the BOP submitted its decision to the record and require[d] the sentencing court to amend the judgment, the present sentencing court would have known that Petitioner had previously served his prior federal and state convictions concurrently. Thus, no due process violation would have occurred.

(ECF No. 12:14-15). By arguing that his current sentence was improperly enhanced due to the alleged errors outlined in Ground One, Mr. Turner is actually challenging the legality of his current conviction. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (federal inmate's challenge alleging improper enhancement of federal sentence was an attack on the legality of inmate's detention). Generally, a federal prisoner seeking to challenge his conviction or sentence may do so by seeking a writ of habeas corpus exclusively through 28 U.S.C. § 2255(a). *See Prost v. Anderson*, 636 F.3d 578, 580 (10th Cir. 2011) ("Congress has told us that federal prisoners challenging the validity of their convictions or sentences may seek and win relief *only* under the pathways prescribed by § 2255." (emphasis added)). The lone exception to § 2255(a)'s

exclusivity is found in § 2255(e), known as "the savings clause," providing that a federal prisoner may challenge his conviction or sentence by other means if his remedy under § 2255 is inadequate or ineffective.

Specifically, the savings clause states:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

Under this provision, "a federal prisoner may resort to § 2241 to contest his conviction if but only if the § 2255 remedial mechanism is 'inadequate or ineffective to test the legality of his detention.'" *Prost v. Anderson*, 636 F.3d at 580 (quoting § 2255(e)). Notably, it is the petitioner's burden to show the § 2255 remedy is inadequate or ineffective. *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999); *see also Abernathy v. Wandes*, 713 F.3d 538, 549 (10th Cir. 2013) ("It is [the petitioner's] burden to show that he meets § 2255(e)'s savings clause."). In doing so, "[t]he relevant measure, ... is whether a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion. If the answer is yes, then the petitioner may not resort to the savings clause and § 2241." *Prost v. Anderson*, 636 F.3d at 584.

Here, Mr. Turner insists that Grounds One and Three are properly brought under Section 2241, and does not even attempt to argue that Section 2255 is "inadequate or ineffective." *See* ECF No. 12:9-10; *see generally* ECF Nos. 1 & 12. Additionally,

Petitioner does not acknowledge the Motions to Amend/Correct Judgement which are currently pending in *Turner I* and *Turner II* which address the same issues as raised in Grounds One and Three. *See supra*. But because of the pending motions, the Court should: (1) conclude that Section 2255 is not "inadequate or ineffective" and (2) dismiss Grounds One and Three for lack of jurisdiction. *See Winkles v. No Named Respondent*, No. 14-cv-00974-BNB, 2014 WL 3562993, at *4 (D. Colo. July 17, 2014) ("Thus, the remedy available pursuant to § 2255 is not inadequate or ineffective at this point because the Ninth Circuit is simultaneously considering the underlying § 2255 proceedings."); *Williams v. Copenhaver,* No. 12–cv–01356–LJO–BAM, 2012 WL 3834847, at *3 (E.D. Cal. Sept. 4, 2012) (Section 2255 not inadequate and ineffective where petitioner currently had three appeals pending at the appellate court all dealing with the same challenges raised in the instant petition); *Abernathy v. Wandes*, 713 F.3d 538, 557 (10th Cir. 2013) ("when a federal petitioner fails to establish that he has satisfied § 2255(e)'s savings clause test—thus, precluding him from proceeding under § 2241—the court lacks statutory jurisdiction to hear his habeas claims.").

## VII. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the forgoing reasons, it is recommended that the Court: (1) alternatively characterize the Petition as seeking mandamus relief and/or habeas relief; (2) deny mandamus relief; and (3) dismiss the Grounds for habeas relief.

Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by **October 15, 2021**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Petitioner is further advised that failure to

make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

**VIII. STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED on September 28, 2021.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE