## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOE LENZIE TURNER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )    No. CIV-21-463-R |
| | ) |
| RICHARD GRANT, | ) |
| | ) |
| Respondent. | ) |

## <u>ORDER</u>

Before the Court is the Report and Recommendation of United States Magistrate Judge Shon T. Erwin. (Doc. No. 13). Judge Erwin recommended Petitioner Joe Lenzie Turner's "Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241" [Doc. No. 1] be dismissed for a lack of jurisdiction. He further recommended that Petitioner be denied mandamus relief; and that the grounds for habeas relief be dismissed. Mr. Turner filed an objection to the findings in the Report and Recommendation. [Doc. No. 14], and Respondent filed a Response to the Objection. (Doc. No. 15). The Court's now has the obligation, on *de novo* review, to rule on the portions of the Report and Recommendation to which the Petitioner objects. Having conducted such a review, the Court finds as follows.[1]

The history of Petitioner's current incarceration and subsequent proceedings are laid out in Judge Erwin's Report and Recommendation. (Doc. No. 13, 1–3). The Court adds the

---

[1] Respondent in his response argues the Court should not consider Mr. Turner's objection for failing to object in a timely manner. The Court nor the Respondent were prejudiced by the delay, as the Court had not ruled on this matter before receiving the objection and Respondent was not deprived of his right to respond to the objection. Therefore, the Court will grant a retroactive extension of time and construe the objection as timely.

following information to that thorough review. After his second arrest and conviction [*see* docket sheet, *United States v. Turner*, Case No. 2011-CR-00103 (E.D. Mo.) (*Turner* II)], in 2016, Petitioner filed a Motion for Writ of Habeas Corpus in the Eastern District of California, where he was incarcerated at the time. *See Turner v. Ponce*, No. 2:15-CV-01758-GGH, 2016 WL 2962647, at *1 (E.D. Cal. May 23, 2016). The court construed that motion as having been brought pursuant to 28 U.S.C § 2255 because Mr. Turner claimed in that petition that the Bureau of Prisons' (BOP) failure to properly designate his 2005 sentence as *nunc pro tunc* [*see* docket sheet, *United States v. Turner*, Case No. 2005-CR-00095 (E.D. Mo.) (*Turner* I)] entitled him to a reduced sentence. *Turner v. Ponce*, No. 2:15-CV-01758-GGH, 2016 WL 2962647, at *1–3. The Eastern District of California therefore transferred the case to the sentencing court in the Eastern District of Missouri because it was the only court with jurisdiction over a § 2255 motion. *Id.* at *4.

After these proceedings in the Eastern District of California, Petitioner renewed his claim by seeking administrative relief with the BOP, asking the Records Department to amend his record to reflect "the BOP['s] acknowledge[ment] that it applied a *nunc pro tunc* designation to [his] prior federal commitment." (Doc. No. 1, 2). Although the Court does not have copies of Mr. Turner's administrative grievances and/or appeals, he has submitted the final appeal response. (Doc. No. 12-6). The Appeals Administrator found that because Petitioner was always in federal custody, the BOP did not review his sentence for a *nunc pro tunc* designation and denied his appeal. *Id.*

In Ground One, he alleges error in the BOP's failure to: (1) update his "computation summary" to reflect that his sentence had been re-calculated; and (2) recommend to the

sentencing court to amend its judgment in *Turner* I to reflect the "legal effect" of the recalculation. (Doc Nos. 1, 7–8, 13–16; 12, 1, 11–12). In Ground Three, Petitioner contends that the errors in Ground One violated his right to due process. (Doc. Nos. 1, 7, 8, 16; 12, 2, 14–15). In Grounds Two and Four, Petitioner alleges that the BOP erred in denying his application for a *nunc pro tunc* designation, resulting in him receiving a longer prison sentence and administrative detriments, including a higher recidivism risk level, following his conviction in *Turner* II. (Doc. Nos. 1, 7, 8, 13–14; 12, 1–2, 13–14, 17–18).

In considering Petitioner's claims, Judge Erwin concluded that the § 2241 petition could be construed as a petition for writ of mandamus because Mr. Turner seeks "mandamus-type" relief. (Doc. No. 13, 7). Petitioner, however, is adamant that his claim does not seek mandamus relief. (Doc. No. 14, 11). He specifically invokes Section 2241, writing, "Petitioner is challenging the manner, location or condition of the execution of his sentence." *Id*. Although the Court is required to construe a *pro se* litigant's arguments liberally, Petitioner is the master of his own case. Because Mr. Turner states clearly that he is seeking habeas relief and not mandamus relief, the Court will construe his petition as such and evaluate his claim as a habea*s* petition pursuant to Section 2241.[2]

Judge Erwin recommended the Court dismiss Mr. Turner's petition as to Grounds Two and Four for lack of jurisdiction because Petitioner has finished serving his entire sentence in *Turner* I[3] and therefore no longer meets the "in custody" requirement of a

---

[2] However, to the extent the claim could be construed as a claim for a writ of mandamus, the Court adopts Judge Erwin's Report and Recommendation denying mandamus relief because Mr. Turner has pending motions in the sentencing court and, therefore, has alternative remedies to the relief sought.

[3] The BOP released Mr. Turner on supervised release in 2009. However, upon his arrest for the crimes committed in *Turner* II on August 31, 2011, the court revoked his supervised release and subsequently sentenced him to twenty-

habeas petition. (Doc. No. 13, 9–10) (citing *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3) and citing 28 U.S.C. § 2254(a)). Petitioner objects that he is in custody because he is challenging his current sentence as being improperly enhanced under federal law. (Doc. No. 14, 14).

A petition pursuant to § 2241 attacks the execution or administration of a sentence. Although Petitioner is challenging the administration of a sentence, it is not his current sentence. Here, Mr. Turner has already finished serving the sentence in *Turner* I and argues that the Court should order the BOP to update his prison records to show a *nunc pro tunc* designation on his prior sentence, even though he has already received the effects of such a designation. (Doc. No. 1, 8). Petitioner additionally requests the sentencing court update his judgment to reflect the fact he served *Turner* I and his state sentences concurrently. *Id*.

Perhaps if Petitioner had not already discharged his *Turner* I sentence, such a claim would be viable. However, "[t]he federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3) and citing 28 U.S.C. § 2254(a)). A habeas petitioner does not remain "'in custody' under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of

---

one-months for the violation of his supervised release to run concurrently with his sentence in *Turner* II. As of the filing date of the Petition, Mr. Turner has served the entirety of the twenty-one-month incarceration and discharged his sentence in *Turner I*.

which he is convicted." [4] *Maleng*, 490 U.S. at 492. Mr. Turner has served his sentence and is no longer in custody based on his sentence in *Turner* I. Therefore, the Court adopts the findings in the Report and Recommendation and will dismiss Grounds Two and Four for a lack of jurisdiction.

With respect to Grounds One and Three, Judge Erwin concluded that Mr. Turner is challenging the legality of his current conviction because he argued his *Turner* II sentence was improperly enhanced due to the failure of the BOP to add a *nunc pro tunc* designation to his *Turner* I sentence. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (federal inmate's challenge alleging improper enhancement of federal sentence was an attack on the legality of inmate's detention). Judge Erwin recommended the Court find Section 2255 is not "inadequate or ineffective" for adjudicating his claims and dismiss Mr. Turner's claims for a lack of jurisdiction. *See* 28 U.S.C. § 2255(e). In his objection, Petitioner does not attack Judge Erwin's conclusion—he focuses instead on reemphasizing his claims. (Doc. No. 14, 16).

Generally, a federal prisoner seeking to challenge his conviction or sentence may do so by seeking a writ of habeas corpus exclusively through 28 U.S.C. § 2255(a). *See Prost v. Anderson*, 636 F.3d 578, 580 (10th Cir. 2011) ("Congress has told us that federal prisoners challenging the validity of their convictions or sentences may seek and win relief only under the pathways prescribed by § 2255."). The lone exception to § 2255(a)'s

---

[4] The Supreme Court anticipated the objection that in some cases it is not merely a "possibility" of a sentence enhancement, but a reality, as the Court sees in the present case. *Maleng v. Cook*, 490 U.S. 488, 492 (1989). It found that the actualization of the sentence enhancement does not change the analysis as to the "in custody" requirement. *See Id.* at 492–93.

exclusivity is found in § 2255(e), known as "the savings clause," providing that a federal prisoner may challenge his conviction or sentence by other means if his remedy under § 2255 is inadequate or ineffective.

Here, Petitioner has not argued why a Section 2255 motion would be inadequate or ineffective. He admits he has filed two Section 2255 motions after his sentencing in *Turner II*. (Doc. No. 14, 4–5). He additionally has pending motions in actions based on the same claims in his sentencing court, demonstrating the adequacy and effectiveness of other actions that bar him from using the savings clause in 28 U.S.C. § 2255(e). *See Prost*, 636 F3d at 584. The Court therefore adopts the Report and Recommendation and dismisses Grounds One and Three for lack of jurisdiction.

For the forgoing reasons, the Court dismisses Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 for lack of jurisdiction. The Report and Recommendation is adopted to the extent it is consistent with this order. Judgment will be entered accordingly.

IT IS SO ORDERED this 3rd day of November 2021.

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**